# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-539V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * *
CARLENE SCHULTZ,                     *
                                     *          Special Master Corcoran
                   Petitioner,       *
                                     *          Dated: February 16, 2018
v.                                   *
                                     *          Attorney's Fees and Costs;
                                     *          Interim Fees; Expert Costs.
SECRETARY OF HEALTH AND              *
HUMAN SERVICES,                      *
                                     *
                   Respondent.       *
                                     *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Robert P. Coleman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On May 2, 2016, Carlene Schultz filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she suffered from an ischemic stroke as a result of receiving the influenza vaccine on October 25, 2013. An entitlement hearing is scheduled for April 16, 2019, in Washington, DC.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $62,406.29 (representing $33,183.50 in attorney's fees, plus $29,222.79 in costs). *See generally* Motion for Interim Attorney's Fees and Expenses, filed January 31, 2018 (ECF No. 37) ("Interim Fees App.").

Respondent reacted to the motion on February 6, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. ECF No. 39 at 2. Respondent otherwise represents that the statutory and other legal requirements for an award of attorneys' fees and costs are met, and he recommends that if an interim award is appropriate, I calculate a reasonable award. *Id*. at 2-3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$59,306.29**.

**Procedural History**

This action has been pending for roughly two years. Pet. at 1, filed May 2, 2016 (ECF No. 1). As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Andrew Downing, Esq., began working on the matter on August 14, 2015, nine months before the case was filed. *See* Ex. A to Interim Fees App. at 1. The case thereafter proceeded with Petitioner filing her medical records and final statement of completion by October 3, 2016, and Respondent filing her Rule 4(c) Report on December 2, 2016. ECF No. 20.

After two additional extensions of time, Petitioner was able to file an expert report from Dr. Laura S. Boylan on March 31, 2017 (ECF No. 24), along with several pieces of medical literature. ECF No. 25. Respondent thereafter filed an expert report from Dr. Steven Messé on June 16, 2017. ECF No. 36. Petitioner then filed a rebuttal expert report from Dr. Boylan on July 5, 2017 (ECF No. 29), followed by the expert report of Dr. Yehuda Shoenfeld on November 3, 2017 (ECF No. 33). Respondent filed his supplemental report from Dr. Messé on January 19, 2018 (ECF No. 35). I subsequently set the matter for an entitlement hearing to be held on April 16, 2019. ECF No. 40.

Petitioner filed the present interim request for an award of attorney's fees and costs on January 31, 2018. *See generally* Interim Fees App. Petitioner specifically requests that Andrew Downing be compensated at a rate of $350 per hour for work performed from 2015-2016, $375 per hour for work performed in 2017, and $385 per hour for work in 2018. Ex. A to Interim Fees App. at 46. She also requests that Courtney Van Cott receive $195 per hour for their work performed from 2015-2017. *Id.* For the work of two paralegals, Petitioner requests compensation at a rate of $100 per hour for work performed from 2015-2016, and $135 per hour for work performed in 2017. *Id.* Petitioner states that the requested hourly rates have previously been found to be reasonable by other special masters, and that no previous interim fees award has been

awarded in this matter. *Id.* at 3-4. Petitioner additionally requests $29,222.79 in attorney's costs (for obtaining medical records, expert fees, and miscellaneous costs). *Id.* at 41-46.

## ANALYSIS

### I.   Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). This matter meets all these criteria: it has been pending for roughly two years, the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate, and it is likely Petitioner will continue to incur additional attorney's fees and expert costs as this case proceeds to hearing.

### II.   Amounts Requested for Petitioner's Attorneys

I must now determine the magnitude of Petitioner's interim attorney's fee award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2015-2018, as detailed above. The attorneys practicing at Van Cott & Talamante, located in Arizona, have repeatedly been found to be "in-forum" and therefore entitled to the forum rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4] *See, e.g., Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *7 (Fed. Cl. Spec. Mstr. May 26, 2016) (citing additional cases in which I awarded in-forum rates to Mr. Downing and associates). Recently, two special masters have awarded the specific rates requested herein for the same time periods to Mr. Downing, his associates, and his paralegals in reasoned decisions. *See Brannigan v. Sec'y of Health & Human Servs.*, No. 14-675V, 2017 WL 2644696 (Fed. Cl. Spec. Mstr. May 26, 2017); *Bales v. Sec'y of Health & Human Servs.*, No. 15-882V, 2017 WL 2243094 (Fed. Cl. Spec. Mstr. Apr. 26, 2016). I find this reasoning persuasive, and therefore the requested rates will be awarded.

In addition, the majority of the hours expended on this matter (193 hours in total) appear to be reasonable for a case that has lasted roughly two years and requires an entitlement hearing. This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

[4] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

time to collect the necessary medical records and medical literature relevant to this case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested attorney's fees will be reimbursed in full.

## III.     Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are *reasonable*. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The requested costs can be sorted into two different categories—costs to obtain medical records, and expert costs. The former category shall be awarded in full, for a total of $2,577.79. The latter category requires further scrutiny. Petitioner requests a total of $26,645.00 for Drs. Boylan and Shoenfeld. Ex. A to Interim Fees App. at 43-45. Dr. Boylan billed for 31 hours of work at a rate of $600 per hour for a total of $18,600. *Id*. at 71-72. Dr. Shoenfeld billed for 16 hours at an hourly rate of $500 for a total of $8,000.00, plus a fee of $45 to wire the retainer money to his account. *Id*. at 73, 75.

Dr. Boylan's requested rate is above that of most Program experts and she has yet to be awarded this rate.[5] I find that $600 is too high a rate to award an expert who does not have significant experience with the Program, especially given that <u>no</u> other expert in the Program has been awarded such a rate. Rather, I find that $500 is a more appropriate rate given her comparable experience to other Program experts that have consistently been awarded $500 per hour. *See e.g., Stepp v. Sec'y of Health & Human Servs.,* No. 14-851V, 2018 WL 793426, at *2 (Fed. Cl. Spec. Mstr. Jan. 2, 2018); *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623 (Fed. Cl. Spec. Mstr. Mar. 2, 2017). This results in a total reduction of $3,100.00. The adjusted amount awarded for Dr. Boylan's expert services is $15,500.00 ($500 x 31 hours= $15,500.00).

---

[5] My chambers informally contacted Petitioner's counsel, Mr. Andrew Downing, esq. (with Respondent's counsel also copied on the email) requesting that he provide further justification for the appropriateness of Dr. Boylan's higher rate. In an informal email response, Mr. Downing acknowledged that Dr. Boylan's rate was higher than the top end of Program experts, and stated that he had planned on justifying such a rate with her experience, working location, and the quality of her report and testimony. However, on further reflection he could not reconcile Dr. Boylan with another "new" expert, Dr. Norman Latov, who has been awarded $500 per hour and is similarly situated to Dr. Boylan. To that end, he stated "if the Court is considering reducing Dr. Boylan's rate down to $500 per hour, Petitioner will not object to that reduction."

While I will also award the requested amount for Dr. Shoenfeld, I note that I have recently reduced his hourly rate to $400. *See Carda v. Sec'y of Health & Human Servs.,* No. 14-191, 2016 WL 5224406, at *4 (Fed. Cl. Spec. Mstr. Aug. 19, 2016). I am cognizant however, that expert rates must be increased over time to account for changes in the market, along with their increased experience with the Program. Dr. Shoenfeld frequently testifies before the Court, and often aides in the resolution of cases. He has also recently received $500 per hour in other matters. *Bello v. Sec'y of Health & Human Servs.,* No. 13-349V, 2017 WL 785692 (Fed. Cl. Spec. Mstr. Jan. 24, 2017). I will thus award in full the requested $8,045.00.

Therefore, I will award a total of $26,122.79 in costs.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees, as follows:

|  | **Amount Requested** | **Reduction** | **Total Awarded** |
|---|---|---|---|
| **Attorney's Fees** | $33,183.50 | $0 | $33,183.50 |
| **Litigation Costs** | $29,222.79 | $3,100.00 | $26,122.79 |
|  |  |  | **Grand Total: $59,306.29** |

I therefore award a total of **$59,306.29** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Andrew Downing, Esq., representing attorney's fees in the amount of $33,183.50, plus costs in the amount of $26,122.79.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.