# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-539V
(Not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| CARLENE SCHULTZ, | * | |
| | * | Special Master Corcoran |
| Petitioner, | * | |
| | * | Filed: August 28, 2019 |
| v. | * | |
| | * | Motion for Reconsideration; Interim |
| | * | Fees and Costs Awards; Travel |
| SECRETARY OF HEALTH AND | * | Costs |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Robert P. Coleman, III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ORDER DENYING MOTION FOR RECONSIDERATION[1]

On May 2, 2016, Carlene Schultz filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she experienced an adverse reaction to the influenza vaccine she received on October 25, 2013, causing her to experience a stroke and/or spontaneous intracranial bleed. Pet. at 1–5 (ECF No. 1). An entitlement hearing took place on June 25, 2019, in Washington, D.C., and a decision in the matter is still

---

[1] Although this Order has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the Order will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Order's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Order will be available to the public in its current form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

pending.

Petitioner has twice requested an award of interim fees. First, she sought such an award in in January 2018. ECF No. 37. I granted in part Petitioner's motion, awarding $59,306.29 ($33,183.50 in attorney's fees for work performed from August 2015 to January 2018, plus $29,222.79 in costs, including expert-related charges). Decision Granting Interim Award of Atty's Fees & Costs at 6, filed Feb. 16, 2018 (ECF No. 41). After the recent June 2019 hearing, Petitioner filed a second interim fees request, now seeking an additional sum in excess of $110,000.00, which included attorney's fees, more expert fees, and other costs associated with the hearing, such as travel and lodging. Mot. for Interim Attorney's Fees & Costs, filed July 12, 2019 (ECF No. 68).

On August 15, 2019, I issued a decision in which I granted in part and deferred in part Petitioner's interim fees request. *See generally* Decision (ECF No. 72) ("Second Interim Fees Dec."). First, I deferred resolution of Petitioner's request for additional attorney's fees, as I had already made a prior interim fees award, rendering a second such award inappropriate in my estimation. *Id.* at 3. As noted in the Decision, my practice in Vaccine Act proceedings is to allow only a single interim award in most cases, especially where (as here) there is the possibility that additional fees will be generated (either from an appeal of an entitlement decision deemed adverse by one of the parties, or in connection with any efforts to calculate damages). I therefore determined that all outstanding and future attorney's fees requests would be deferred until a final judgment has entered in this matter. *Id.*

Second, I granted in part Petitioner's cost requests, awarding additional expert costs and most of Petititioner's hearing-related travel charges, but reducing several expenses requested by Petitioner that I deemed to be unreasonably high or otherwise unsubstantiated. Second Interim Fees Dec. at 3–6 (relying on *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) (holding that cost awards must be reasonable)). Specifically, I reduced payment for expert witness Dr. Laura Boylan's travel time to 50% of her usual rate, in keeping with common Vaccine Program practice. *Id.* at 3–4; *see, e.g.*, *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *17 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). For a second expert witness, Dr. Yehuda Shoenfeld, I awarded only $2,000.00 of the requested $5,480.00 of his travel expenses between Tel Aviv, Israel, and Washington, D.C., as Petitioner did not provide an itemized invoice establishing the basis for this cost. Second Interim Fees Dec. at 4–5. I also reduced the award for a first-class airplane ticket to an economy ticket price. *Id.* at 5.

Finally, I deemed the lodging costs incurred by Petitioner, her counsel, and her experts—whose room rates at the J.W. Marriott Hotel in downtown Washington, D.C., ranged from $685.87 to $775.91 per night—to be unreasonably high. Second Interim Fees Dec. at 4–5. Relying on recent decisions from other special masters in which high lodging costs have been reduced, I compensated each hotel room at the lesser rate of $400.00 per night. *Id.* (citing *Van Vessem v. Sec'y of Health*

2

*& Human Servs.*, No. 11-132V, 2018 WL 3989517, at *9 (Fed. Cl. Spec. Mstr. July 3, 2018) (reducing hotel cost award to $399 per night); *Reichert v. Sec'y of Health & Human Servs.*, No. 16-697V, 2018 WL 3989429, at *4 (reducing hotel cost award to $420 per night); *Salmins v. Sec'y of Health & Human Servs.*, No. 11-140V, 2016 WL 806175, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2016) (reducing hotel cost award to $300 per night)).

**Petitioner's Motion for Reconsideration**

Petitioner now moves for reconsideration of the Second Interim Fees Decision. Pet'r's Mot. for Reconsideration, filed Aug. 16, 2019 (ECF No. 73) ("Mot."). The objections detailed in Petitioner's motion are numerous, and will be summarized here in brief. *See generally id.*

First, Petitioner challenges my choice to defer a second attorney's fees award until a final judgment has entered in this matter. Mot. at 2–4. She asserts that my preference to make only a single award of interim fees in a given case is "about as arbitrary and capricious as a Decision can get," and that Petitioner's counsel "would not have come to Washington DC and conducted the entitlement hearing if there was no expectation of timely payment for the work performed." *Id.* at 2. Petitioner points out that I have previously listed criteria for an interim award of fees and costs—including (1) requested fees greater than $30,000; (2) requested expert costs (if applicable) greater than $15,000; and (3) that a case has been pending for more than eighteen months—all of which are satisfied in the present matter. *Id.* at 2–3 (citing Initial Order at 5–6, filed May 5, 2016 (ECF No. 5)). Petitioner further asserts that an interim award is "not only appropriate, [b]ut also necessary to ensure that Petitioner continues to have competent Counsel represent her in the Program." *Id.* at 3.

Second, Petitioner attacks the basis of certain of my cost reductions. Mot. at 4–10. Asserting that my decision to reduce costs for hotel rooms had "no basis whatsoever," Petitioner proposes that this reduction was clear legal error. *Id.* at 4. She provides details about comparable hotels near the Office of Special Masters during similar time periods, indicating that she and her counsel would have been unable to find a nearby room for $400 per night (the rate I awarded in the Second Interim Fees Decision). *Id.* at 4–9. She also requests reimbursement for two specific costs that I previously declined to reimburse: a $500 charge for rental of a private meeting room for Petitioner's counsel and witnesses on the evening before hearing, and the remainder of a flight cost for Dr. Shoenfeld's travel to and from the June 2019 hearing. *Id.* at 9–10. I declined to award these costs in full because Petitioner provided no itemized invoice or other substantiation for them in her Interim Fees Motion. Second Interim Fees Dec. at 4–5. Petitioner now provides greater detail and substantiation for these expenses in her Motion for Reconsideration, and indicates that she would have been willing to remedy the omission of these documents from her initial costs application "if only Petitioner had known that the Special Master decided to become inquisitor on an unopposed motion and had an issue." Mot. at 10.

3

Finally, Petitioner objects to both the fees award deferral and the costs award reduction on due process grounds. Mot. at 3–4. Because Respondent did not object to Petitioner's interim fees and costs motion, Petitioner asserts that it was a "direct violation of [Petitioner's counsel's] due process rights" to conduct an independent inquiry into a fees and costs motion such as this one. *Id.* at 3–4. Characterizing the decision to defer a second award of attorney's fees as arbitrary and capricious, Petitioner argues that special masters lack the authority to defer interim fees "without any legal reason whatsoever." *Id.* at 3–4. Petitioner also takes issue with the itemized reductions to her costs award, due to the fact that she did not have the opportunity to respond to concerns raised in the Decision. *Id.* at 4. She states that "**if the Special Master unilaterally wishes to reduce our fees and costs by a single dollar, then we request a hearing. We deserve the right to know of the court's concern before being arbitrarily blindsided by a Decision like this.**" *Id.* (emphasis in original).

## Standards for Reconsideration

Vaccine Rule 10(e) provides that either party may seek reconsideration of a special master's decision within twenty-one days after the decision's issuance. Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3).

As noted by another special master, "there is a dearth of law interpreting Vaccine Rule 10(e)(3)," save for the conclusion that (as the rule itself makes clear) it is within the special master's discretion to decide what the "interest of justice" is in a given case. *R.K. v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of decision dismissing case for failure to prosecute). Many decisions assume that the standard for reconsideration is congruent with the "manifest injustice" standard utilized under Rule 59(a) of the Rules of the Court of Federal Claims, which has been defined as "clearly apparent or obvious" unfairness. *Amnex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002); *see also R.K.*, 2010 WL 5572074, at *3–5 (citations omitted).

I have previously found reconsideration merited when the movant's reconsideration request incorporates new (meaning not previously available) and relevant evidence that would have borne on my initial decision if it could have been offered initially. *See, e.g.*, *Rodriguez-Luna v. Sec'y of Health & Human Servs.*, No. 15-496V, 2018 WL 774256, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2018) (granting motion for reconsideration of final attorney's fees and costs decision when petitioner submitted previously-unfiled billing records). By contrast, I have denied reconsideration requests where the movant simply disagrees with my initial decision and has offered no truly "new" evidence. *See, e.g.*, *D'Tiole v. Sec'y of Health & Human Servs.*, No. 15-085V, 2016 WL 8136296 (Fed. Cl. Spec. Mstr. Dec. 21, 2016), *mot. for review denied*, 132 Fed. Cl. 421 (2017), *aff'd*, 726 F. App'x 809 (Fed. Cir. 2018); *Kerrigan v. Sec'y of Health & Human Servs.*, No. 16-

270V, 2016 WL 7575240 (Fed. Cl. Spec. Mstr. Nov. 22, 2016).

**Petitioner Has Not Established Grounds for Reconsideration**

Petitioner has not established grounds for reconsideration of my deferral of a second award of interim fees, nor the reduced costs.

First, the reconsideration request presents no "new" evidence that was unavailable to Petitioner when the interim request was first interposed. Rather, Petitioner now attempts to make the showing she should have made in the first go-around. This is not a valid basis for reconsideration, which is not an occasion to continue to argue points that the movant failed to persuasively establish—or even address—the first time. *Anthony v. Sec'y of Health & Human Servs.*, No. 14-680V, 2017 WL 521746, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017) ("Motions for reconsideration are not intended to serve as vehicles for the submission of evidence that could have been presented earlier") (citing *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016)). Rather, reconsideration should be reserved for instances in which true manifest injustice is at risk—not to make a better-crafted, or more substantiated, argument that a claimant neglected to advance previously.

Petitioner objects (perhaps anticipating the above reasoning) that she did not foresee her cost submissions would be deemed unreasonable, especially since Respondent effectively did not formally oppose the request.[3] But this argument ignores the legal standard applicable to fees requests, as well as the authority special masters have to adjudicate those requests generally. It is unmistakably the case that *petitioners* bear the burden of demonstrating that requested fees and costs are reasonable, and thus are always formally on "notice" that they must substantiate their requests when they are made—not at some later date, after an initial "trial balloon" request is rejected. *See Dominguez v. Sec'y of Health & Human Servs.*, 136 Fed. Cl. 779, 783–84 (2018)

---

[3] For some time now, Respondent has in almost all instances opted to take *no* formal position on the merits of *any* fees request, reasoning that the Vaccine Act does not so obligate him. *See, e.g.*, Resp't's Resp. to Pet'r's Mot. for Interim Attys' Fees & Costs at 2–3, filed July 25, 2019 (ECF No. 71). Although the special masters have been uniformly dismayed by this stance, it is well-understood by now in the Program (and hence not news to attorneys who regularly practice in it, like Mr. Downing), and thus, Respondent's seeming silence in the face of a fees request cannot be the basis for the expectation that claimants can expect fees requests to be summarily granted. On the contrary—the Court of Federal Claims has held that Respondent's refusal to engage does not mean the special master need not evaluate the reasonableness of a fees request. *Spahn v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 252 (2018). In *Spahn*, the Court of Federal Claims reviewed a fees and costs decision in which a special master had treated Respondent's lack of specific objection to Petitioner's fees and costs motion as grounds to award the requested sums in full, without conducting an independent review. *Spahn*, 135 Fed. Cl. at 261–62. The Court deemed the special master's failure to independently review the reasonableness of the requested fees and costs an abuse of discretion. *Id.* Relying on the language of the Vaccine Act itself, as well as Federal Circuit precedent stating that "the trial forum must determine what fee is 'reasonable,'" the Court ruled that "the special master has an independent obligation to make a determination regarding the reasonableness of petitioner's application for attorneys' fees and costs." *Id.* at 261 (citing Section 15(e)(1); *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993)).

5

(pointing out that petitioner "had every opportunity (and an obligation) to make his case when he filed his fee application," and "is not entitled to a second opportunity [. . .] that might allow him to address 'misapprehensions' or issues that the special master may harbor about his request"); *Perreira*, 27 Fed. Cl. at 34 (requiring petitioners to establish the reasonableness of requested costs).[4]

It is also well-established that special masters are empowered to make fees and costs reductions *sua sponte*, even if Respondent files nothing at all in response. *See, e.g.*, *Spahn v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 252, 261 (2018); *Dominguez*, 136 Fed. Cl. at 784 (holding that special master has authority to reduce a fee award "even if the opposing party has not lodged an objection in support of the reduction"); *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (2009) (rejecting argument that such *sua sponte* reductions deprive fee applicants of ability to support their requests with evidence); *Scharfenberger v. Sec'y of Health & Human Servs.*, 124 Fed. Cl. 225, 234 (2015). This naturally flows from the responsibility special masters have to determine that a fees and costs request is reasonable, both in terms of amounts sought and the work and costs underlining the request. Accordingly, Petitioner's surprise at the reduction (and my purportedly unexpected turn as "inquisitor" in resolving the fees request)[5] is wholly disingenuous.

Second, Petitioner's due process arguments arise from the hollow premise that the mere advancing of an interim fees and costs request amounts to the exercise of a right under the Act that my Interim Fees Decision abrogates. In fact, there is *no absolute right* to an award of interim fees in the Vaccine Program at all. *See Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Indeed, as I have discussed in many previous interim attorney's fees decisions, there are not even any strict rules governing how interim fees requests are to be addressed. *See, e.g.*, *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5–6 (Fed. Cl. Spec. Mstr. Sept. 30, 2015); *see also Perreira*, 27 Fed. Cl. at 34 (holding that "[t]he special master is afforded wide discretion in determining the reasonableness of costs"); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (noting that *Avera* "leav[es] the special masters broad *discretion* to consider many factors in considering whether an interim award is appropriate in a particular case") (emphasis in original).

Because of the above, each special master has developed his or her own practices in evaluating interim fees and costs requests. One factor that I uniformly consider (making it anything

---

[4] Notably, Petitioner's counsel, Mr. Downing, was recently *specifically* reminded by Special Master Oler to submit substantiating evidence and explanations for costs incurred along with a fees motion (interim or otherwise) at the time the motion is first made, in order to avoid "added drain on judicial time and resources." *Castaneda v. Sec'y of Health & Human Services*, No. 15-1066V, slip op. at *3 n.4 (Fed. Cl. Spec. Mstr. June 21, 2019).

[5] *See Munn v. Sec'y of Health & Human Servs.*, 21 Cl. Ct. 345, 349 (1990) (noting that legislative history of Vaccine Act emphasizes the special master's role as "*inquisitor* and investigator"), *aff'd*, 970 F.2d 863 (Fed. Cir. 1992) (emphasis added).

but arbitrary) is whether interim attorney's fees have already been awarded in a particular case. I do so not to cause hardship to Petitioner or her counsel,[6] but rather to avoid having to take time out of a case (as is occurring here) to resolve multiple piecemeal fees requests on an ongoing basis, especially where I anticipate that *more* fees will be generated. I am simply not obligated to grant every interim request each time one is submitted, and I have explained why I opted not to do so herein. Petitioner's position that my decision to defer ruling on attorney's fees is arbitrary and capricious, as well as a violation of Petitioner's counsel's due process rights, is therefore without merit.[7]

Despite the above, and Petitioner's unpersuasive arguments[8] for reconsideration, I will permit Petitioner to re-submit the costs substantiation that was *not* included with her second interim fees motion when she files a final attorney's fees motion, and I will evaluate it at the time I also make a final fees award in this case (when I also determine the deferred fees component of the most recent interim request). I can evaluate the merits of Petitioner's objection to the hotel rate and other cost determinations I recently made at that time. Otherwise, and for the reasons stated above, I hereby **DENY** the motion for reconsideration.

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] I have noted in other decisions that the Office of Special Masters is not "in business" with the attorneys who represent Vaccine Act petitioners—and therefore the fact that counsel may find that a delay in a fees or costs award is financially harmful to his or her legal practice is not necessarily grounds for an interim award. *Dean v. Sec'y of Health & Human Servs.*, No. 13-808V, 2015 WL 8001603, at *9 (Fed. Cl. Spec. Mstr. Nov. 12, 2015) (awarding interim fees and costs awards out of concern for attorneys who initially bear litigation costs while prosecuting a claim would "require[] this Court to partner with counsel in ensuring the successful functioning of their business model—something that goes well beyond simply encouraging the availability of representation to successful petitioners, while also inviting inappropriate scrutiny into an attorney's financial management of his own practice" (citation omitted)). The very generosity of the Act's fee statute—which compensates attorneys even where a claim fails—somewhat undercuts the hardships of a delayed fees award.

[7] I also do not see the need for a hearing to resolve the issues raised by Petitioner's reconsideration request, and thus (in accordance with my discretion in determining how to resolve certain matters) am not holding one. I am not completely denying any of the fees sought, or refusing to reevaluate the costs awarded, at this time, but rather refusing to award them now (or reevaluate them now). Hence, there is no prejudice to Petitioner, beyond the fact that counsel must await payment for the deferred fees and cost issues to another day. I otherwise would rarely hold a hearing to resolve a fees or costs issue unless the subject presented was unique or especially sensitive. Whether counsel is awarded the hotel rate he seeks, or a lower rate, does not present such circumstances.

[8] I also note that the overall tone of the present reconsideration request was hysterical and unnecessarily rude, and did damage to counsel's prior reputation for professionalism in his Vaccine Program practice.

7